UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES CATO, JR., | ) | 1:11-cv-01247-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS THE PETITION (Doc. |
| v. | ) | 11) |
| | ) | |
| S. HUBBARD, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS AS UNTIMELY (Doc. |
| Respondent. | ) | 1) |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| | | TO ENTER JUDGMENT AND CLOSE FILE |
| | | |
| | | ORDER DECLINING TO ISSUE |
| | | CERTIFICATE OF APPEALABILITY |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on July 26, 2011.[1] On August 9, 2011, Petitioner filed his written consent to the jurisdiction of the

---

[1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on other grounds sub nom*. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir.

1

United States Magistrate Judge for all purposes. (Doc. 5). On September 9, 2011, Respondent filed her written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 10).

On August 11, 2011, the Court ordered Respondent to file a response to the petition. (Doc. 7). On October 7, 2011, Respondent filed the instant motion to dismiss, contending that the petition was untimely. (Doc. 11). On October 27, 2011, Petitioner filed his opposition to the motion to dismiss. (Doc. 13). For the reasons set forth below, the Court grants the motion to dismiss.

## DISCUSSION

A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one year limitation period. Because Respondent's Motion to Dismiss is similar in

---

2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on July 26, 2011. (Doc. 1, p. 7).

procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on July 26, 2011, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, Petitioner alleges that he was convicted in the Kings County Superior Court on May 25, 2006.  (Doc. 1, p. 1).  Petitioner acknowledges that he did not file a direct appeal

from his conviction. (Id.). California state law governs the period within which prisoners have to file an appeal and, in turn, that law governs the date of finality of convictions. See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction becomes final 60 days after the superior court proceedings have concluded, citing prior Rule of Court, Rule 31(d)). Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment. See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court, Rule 31(d)). Because Petitioner did not file a notice of appeal, his direct review concluded on July 24, 2006, when the sixty-day period for filing a notice of appeal expired. The one-year period under the AEDPA would have commenced the following day, on July 25, 2006, and Petitioner would have had one year from that date, or until July 24, 2007, within which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).

As mentioned, Petitioner did not file the instant petition until July 26, 2011, over four years after the one-year period would have expired. Thus, unless Petitioner is entitled to statutory or equitable tolling sufficient to account for the untolled four year period, the petition is untimely and should be dismissed.

   C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curiam)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Respondent has lodged documents with the Court establishing that Petitioner filed the following state habeas petitions: (1) petition filed in the Superior Court of Kings County on September 13, 2006, and dismissed on January 2, 2007 (Doc. 12, Lodged Documents ("LD") 3; 4; 6);[2] (2) petition filed in the Kings County Superior Court November 2, 2009, and denied on January 6, 2010 (LD 7; 8); (3) petition filed in the California Court of Appeal, Fifth Appellate District ("5th DCA"), on February 16, 2010, and denied on February 24, 2010 (LD 9; 10); (4) petition filed in the 5th DCA on March 11, 2010, and denied on March 23, 2010 (LD 11; 12); and (5) petition filed in the California Supreme Court on February 13, 2011, and denied on July 20, 2011. (LD 13; 14).

The one-year period commenced on July 25, 2006. Assuming, without deciding, that the first

---

[2] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

5

1  petition was "properly filed" within the meaning of the AEDPA, Petitioner would have been entitled
2  to equitable tolling during the pendency of that petition, i.e., from September 13, 2006 until January
3  2, 2007.  Between July 25, 2006 and the filing of the first petition on September 13, 2006, fifty days
4  had elapsed, leaving Petitioner with 315 days remaining of the AEDPA limitation period.

5  After the first petition was dismissed on January 2, 2007, Petitioner waited almost three
6  years, until November 2, 2009, to file his second petition.  Respondent contends that the excessive
7  delay between dismissal of the first petition and filing of the second should deprive Petitioner of
8  interval tolling.  The Court agrees.

9  In reviewing habeas petitions originating from California, the Ninth Circuit formerly
10 employed a rule that where the California courts did not explicitly dismiss for lack of timeliness, the
11 petition was presumed timely and was deemed "pending."  In Evans v. Chavis, 549 U.S.189 (2006),
12 the Supreme Court rejected this approach, requiring instead that the lower federal courts determine
13 whether a state habeas petition was filed within a reasonable period of time.  549 U.S. at 198 ("That
14 is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the
15 federal court must decide whether the filing of the request for state court appellate review (in state
16 collateral review proceedings) was made within what California would consider a 'reasonable
17 time.'").  However, "'[w]hen a post-conviction petition is untimely under state law, that [is] the end
18 of the matter for purposes of § 2244(d)(2).'" Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir.
19 2005)(*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)).  See also Carey v. Saffold, 536 U.S.
20 at 226.

21 Therefore, under the analysis mandated by the Supreme Court's decisions in Pace and Evans,
22 this Court must first determine whether the state court denied Petitioner's habeas application(s) as
23 untimely.  If so, that is the end of the matter for purposes of statutory tolling because the petition was
24 then never properly filed and Petitioner would not be entitled to any period of tolling under §
25 2242(d)(2), either for the pendency of the petition itself or for the interval between that petition and
26 the denial of the previous petition.  Bonner, 425 F.3d at 1148-1149.

27 However, if the state court did not expressly deny the habeas petition(s) as untimely, this
28 Court is charged with the duty of independently determining whether Petitioner's request for state

1  court collateral review were filed within what California would consider a "reasonable time." Evans,
2  546 U.S. at 198.  If so, then the state petition was properly filed and Petitioner is entitled to interval
3  tolling.³

4       In Evans, the Supreme Court found that a six-month delay was unreasonable.  Id.  The
5  Supreme Court, recognizing that California did not have strict time deadlines for the filing of a
6  habeas petition at the next appellate level, nevertheless indicated that most states provide for a
7  shorter period of 30 to 60 days within which to timely file a petition at the next appellate level.
8  Evans, 546 U.S. at 201.  After Evans, however, it was left to the federal district courts in California
9  to carry out the Supreme Court's mandate of determining, in appropriate cases, whether the
10 petitioners' delays in filing state petitions were reasonable.  Understandably, given the uncertain
11 scope of California's "reasonable time" standard, the cases have not been entirely consistent.
12 However, among the Ninth Circuit as well as the various federal district courts in California, a
13 consensus has emerged that any delay of sixty days or less is per se reasonable, but that any delay
14 "substantially" longer than sixty days is not reasonable.  Compare Velasquez v. Kirkland, 2011 WL
15 1758718, *3 (May 10, 2011 9th Cir.)(delays of 81 and 91 days unreasonable); Chaffer v. Prosper, 592
16 F.3d 1046, 1048 (9th Cir. 2010)(delays of 115 and 101 days unreasonable); Banjo v. Ayers, 614 F.3d
17 964, 970 (9th Cir. 2010)(delay of 146 days unreasonable); Bennett v. Felker, 635 F. Supp. 2d 1122,
18 1126-1127 (C.D. Cal. 2009)(93 days unreasonable); Culver v. Director of Corrections, 450
19 F.Supp.2d 1135, 1140-1141 (C.D. Cal. 2006)(delays of 97 and 71 days unreasonable); Forrister v.
20 Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007)(88 day delay unreasonable); Hunt v. Felker,
21 2008 WL 364995 (E.D. Cal. 2008)(70 day delay unreasonable); Swain v. Small, 2009 WL 111573
22 (C.D.Cal. Jan. 12, 2009)(89 day delay unreasonable); Livermore v. Watson, 556 F.Supp. 2d 1112,
23 1117 (E.D.Cal. 2008)(78 day delay unreasonable; Bridges v. Runnels, 2007 WL 2695177 *2
24 (E.D.Cal. Sept. 11, 2007)(76 day delay unreasonable), with Reddick v. Felker, 2008 WL 4754812 *3
25 (E.D.Cal. Oct. 29, 2008)(64 day delay not "substantially" greater than sixty days); Payne v. Davis,
26 2008 WL 941969 *4 (N.D.Cal. Mar. 31, 2008 (63-day delay "well within the 'reasonable' delay of

27 ─────────────
28  ³Neither the Ninth Circuit nor the United States Supreme Court has addressed whether a delay in filing may deprive a petitioner of statutory tolling for the pendency of an otherwise properly filed state petition itself when the state court does not expressly indicate that the petition was untimely. Presently, Evans only affects entitlement to interval tolling.

thirty to sixty days in Evans").

Moreover, even when the delay "significantly" exceeds sixty days, some courts have found the delay reasonable when the subsequent petition is substantially rewritten. E.g., Osumi v. Giurbino, 445 F.Supp 2d 1152, 1158-1159 (C.D.Cal. 2006)(3 month delay not unreasonable given lengthy appellate briefs and petitioner's substantial re-writing of habeas petition following denial by superior court); Stowers v. Evans, 2006 WL 829140 (E.D.Cal. 2006)(87-day delay not unreasonable because second petition was substantially re-written); Warburton v. Walker, 548 F.Supp.2d 835, 840 (C.D. Cal. 2008)(69-day delay reasonable because petitioner amended petition before filing in Court of Appeal).

Here, the delay between the dismissal of the first petition on January 2, 2007, and the filing of the second petition on November 2, 2009, was a period of thirty-four months, i.e., almost three years, a period well outside the range of what district courts, the Ninth Circuit, and the United States Supreme Court have considered reasonable for California inmates. Evans, 546 U.S. at 198. Thus, Petitioner is not entitled to interval tolling between the first and second petitions.

That being the case, the one-year limitation period would have recommenced on January 3, 2007, when the first petition was dismissed, and would have continued to run until it expired 315 days later, i.e., on November 14, 2007. The five state petitions that Petitioner filed subsequent to that deadline have no tolling effect because, under the AEDPA, a petitioner is not entitled to tolling when the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).[4]

---

[4] Respondent also contends that Petitioner is not entitled to tolling for the second petition because it was not filed in a higher court and because all subsequent state habeas petitions were untimely and thus not entitled to AEDPA tolling. The Court agrees. Under the AEDPA, there is no statutory tolling for the period between sets or "rounds" of state habeas petitions. Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California Supreme Court denied review; see also

8

Thus, unless Petitioner is entitled to equitable tolling, the petition is untimely.

D.  Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."   Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Petitioner's opposition contends that he is entitled to equitable tolling because he was suffering from a mental incapacity, i.e., specifically that he was taking psychotropic drugs for his mental condition of post traumatic stress disorder, and that these drugs caused "blurred vision,

---

Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002)(no tolling during gap between first set of state petitions and second). In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a new habeas petition *at the same or a lower level*" of the state court system. See also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level.")(emphasis supplied). Because the second petition was filed in the same court as the first, it constituted a new "round" of habeas petitions and thus no interval tolling was appropriate. As for the timeliness of the state petitions, Respondent correctly points out that the Superior Court expressly found the second petition to be untimely. (LD 8). Since the state court expressly found the petition untimely, "that [is] the end of the matter for purposes of § 2244(d)(2)." Bonner, 425 F.3d at 1148. The state courts also found the third and fifth petitions untimely. (LD 10; 14). The fourth petition was denied without comment, and, under the "look through" doctrine whereby this Court looks to the last *reasoned* decision by the state court, i.e., the denial of the second petition in the Superior Court for untimeliness, the fourth petition was also untimely. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).  Both of these arguments provide alternative grounds for dismissing the petition as untimely.

1  drowsiness, fuzzy thinking, confusion, and at times involuntary tremors." (Doc. 13, p. 2). These
2  medications, Petitioner contends, "inhibited his ability to think straight, read clearly, or write
3  legibly." (Id., p. 3).

4  In support of his contention of mental disability, Petitioner has appended several documents:
5  (1) two statements of informed consent, both dated September 8, 2005, for receiving anti-psychotic
6  agents and anti-depressants; (2) a "mental health interdisciplinary progress notes" form, dated March
7  17, 2006, indicating that the drug regimen prescribed for Petitioner "seems to work;" (3) a statement
8  of informed consent, dated January 4, 2005, for anti-psychotic and anti-depressant drugs; (4) a
9  patient history covering July 18, 2008 through July 15, 2009, indicating that Petitioner filled five
10 prescriptions for a drug called "fluoxetine;" (5) a statewide pscyhotropic medication consent form,
11 dated April 1, 2011, for anti-depressants and mood stabilizers; and (6) a statewide pscyhotropic
12 medication consent form, dated April 1, 2011, for mood stabilizers and serotonin reuptake inhibitor
13 and serotonin neoprinephrine anti-depressants. (Doc. 13, Ex. A).

14 There are several reasons why Petitioner's evidence fails to establish an entitlement to
15 equitable tolling. First, Petitioner's evidence does not directly relate to the time period at issue. As
16 discussed previously, the one-year period commenced on July 25, 2006, was tolled for fifty days
17 from September 13, 2006 until January 2, 2007, and expired on November 14, 2007. All of
18 Petitioner's documentary evidence relates to time periods either preceding or following this crucial
19 window. Petitioner has presented no documentary medical evidence that he was suffering a mental
20 disability as the result of prescribed drugs during the period from July 25, 2006 through November
21 14, 2007.

22 Second, even if the proffered exhibits could be presumed to relate to the above-mentioned
23 time period, Petitioner has presented no evidence, other than his own self-serving statements about
24 the drugs' effects, that the drugs referred to in his exhibits would have prevented him from timely
25 preparing his federal petition. The Court is neither a medical nor a pharmaceutical expert; thus, the
26 mere invocation of drugs such as "fluoxetine." "Serotonin reuptake inhibitor," "serotonin
27 neoprinephrine antidepressants," or "mood stabilizer lithium," does not establish entitlement to
28 equitable tolling *absent medical evidence regarding the effects of such drugs on Petitioner*.

1 Petitioner's own self-serving statements about the drugs' effects are refuted by the fact that, during
2 much of the periods referred to in his exhibits, e.g., 2006 and 2009-2011, Petitioner was indeed
3 pursuing state and federal habeas relief.  In the absence of *medical evidence* that, during the critical
4 window of July 25, 2006 through November 14, 2007,  Petitioner was suffering a mental disability of
5 sufficient gravity to preclude him from timely filing his federal petition, the Court cannot simply
6 assume that, because Petitioner was taking prescribed drugs prior to and subsequent to that critical
7 window, he is therefore entitled to equitable tolling.

8      Rather, the burden of demonstrating that the AEDPA's one-year limitation period was
9 sufficiently tolled, whether statutorily or equitable, rests with Petitioner.  See, e.g., Pace v.
10 DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005);
11 Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.
12 2002).  For the reasons discussed above, the Court finds and concludes that Petitioner has not met his
13 burden with respect to the equitable tolling issue.  Accordingly, the petition is late and should
14 therefore be dismissed.

15      Moreover,  the Court declines to issue a certificate of appealability.  A state prisoner seeking
16 a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition,
17 and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336
18 (2003).   The controlling statute in determining whether to issue a certificate of appealability is 28
19 U.S.C. § 2253, which provides as follows:

20     (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in
21     which the proceeding is held.
    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a
22     warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention
23     pending removal proceedings.
    (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not
24     be taken to the court of appeals from--
      (A) the final order in a habeas corpus proceeding in which the detention
25       complained of arises out of process issued by a State court;  or
      (B) the final order in a proceeding under section 2255.
26     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
27     (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).
28

     If a court denied a petitioner's petition, the court may only issue a certificate of appealability

when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS:

1. Respondent's motion to dismiss (Doc. 11), is GRANTED;
2. The petition for writ of habeas corpus (Doc. 1), is DISMISSED as untimely;
3. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **October 28, 2011**          /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE